IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| David Edward Peters, ) | C/A No.: 6:10-cv-00941-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff, David Edward Peters, brought this action pursuant to 42 U.S.C. §§ 405(g) & 1383(c)(3) to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying his claims for disability insurance benefits (DIB) and supplemental security income (SSI). For the reasons set forth below, this Court reverses and remands the decision of the Commissioner for further proceedings consistent with this Order.

Procedural History

The Plaintiff filed applications for both DIB and SSI on February 23, 2006, alleging that he became unable to work on June 15, 1994. His applications were denied and he requested a hearing before the ALJ. Following an August 2008 hearing, in which the Plaintiff withdrew his DIB application and amended his alleged onset date of disability to February 23, 2006 (the date of the SSI application), the ALJ issued an unfavorable decision in November 2008. The Plaintiff filed an appeal, which the Appeals Council denied, making the decision of the ALJ the final decision of the Commissioner. On April 16, 2010, the Plaintiff filed an action in this Court for judicial review of that decision. Pursuant to Local Civil Rule 83.VII.02 (D.S.C.), this action was referred to a United States

1

Magistrate Judge. Magistrate Judge Kevin F. McDonald issued a Report and Recommendation (R&R) on July 11, 2011, recommending that the Commissioner's decision be affirmed. The Plaintiff filed timely objections to the R&R, and the Commissioner filed a reply to the Plaintiff's objections on August 11, 2011.

## Substantial Evidence Standard

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Relevant Background

The Plaintiff was born in 1972 and was 34 years old at the time of his alleged onset date. He has a limited education and has past work experience as a construction worker. He alleges disability since February 23, 2006, due to multiple impairments, including degenerative disc disease and panic disorder.

Under the Social Security Act, the Plaintiff's eligibility for the benefits he is seeking hinges on whether he "is under a disability." 42 U.S.C. § 423(a). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id.* at § 423(d)(1)(A). The burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1. 20 C.F.R. § 416.920(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that he could not perform his customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 416.960(b). These factors include the individual's (1) "residual functional capacity," *id.* at § 416.961; (2) age, *id.* at § 416.963; (3) education, *id.* at § 416.964; (4) work experience, *id.* at § 416.965; and (5) the existence of work in significant numbers in the national economy that the individual can perform, *id.* at § 416.966. If the assessment of the claimant's residual functional capacity (RFC) leads to the

3

conclusion that he can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id*. at § 416.961. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 416.920, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents him from returning to his previous work, and (5) whether the impairment prevents him from performing some other available work.

In the instant matter, the ALJ made the following findings:

> 1. The claimant met the insured status requirements of the Social Security Act through December 31, 1999.
>
> 2. The claimant has not engaged in substantial gainful activity since February 23, 2006, the amended alleged onset date (20 CFR 404.1571 et seq. and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine and panic disorder (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P. Appendix 1 (20 CFR 404.1525, 404.1526, 416.925, and 416.26).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the demands of light unskilled work which allows him to sit or stand at will and does not require climbing ladders, scaffolds or ropes, exposure to hazardous machinery, working in a team environment or public contact.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

> 7. The claimant was born on January 21, 1972 and was 34 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not material to the determination of disability because the claimant is limited to performing unskilled work.
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from February 23, 2006 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

In his R&R, the Magistrate Judge concluded that the record contains substantial evidence to support the conclusion of the Commissioner that the Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d

5

44, 47-48 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff's Objections and Analysis

**I:      Weight of Treating Physicians' Opinion Evidence**

First, the Plaintiff argues that the ALJ failed to properly evaluate the opinions of his treating physicians. The opinion of a treating physician is generally entitled to more weight than other opinions; however, it is only given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 416.927(d)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (In the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to the testimony of a treating physician). The regulations require that all medical opinions in a case be considered, 20 C.F.R. § 416.927(b), and, unless a treating source's opinion is given controlling weight, it must be weighed according to the following non-exclusive list: (1) the length of the treatment relationship and the frequency of the examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 20 C.F.R. § 416.927(d)(2)-(5); *see* Social Security Ruling 96-2p ("A finding that a treating source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927.").

The regulations state that the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. § 416.927(d)(2); *cf. id.* § 404.1527 (The ALJ "must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist *as the [ALJ] must do for any opinions from treating sources, nontreating sources, and other nonexamining sources . . .*") (emphasis added).  In his objections, the Plaintiff specifically references the opinions of Dr. David T. Koon, M.D., Dr. James H. Way, Ph.D., and Dr. Greg W. Niemer, M.D.

With respect to Dr. Koon, the Plaintiff contends that the ALJ erred by not addressing a July 29, 2003 Physician's Statement, in which Dr. Koon opined that the Plaintiff was capable of performing only part-time work of less than 20 hours a week, with limitations including no lifting or bending (Tr. 318-19).  Dr. Koon noted that his opinion of disability and restrictions were considered permanent and total. *Id.*  It appears that the ALJ failed to consider Dr. Koon's medical opinion that the Plaintiff would not be able to perform greater than limited part-time work due to his back condition, or any work requiring lifting and bending.  In response, the Commissioner appears to acknowledge that "[t]he ALJ did not address the first opinion from Dr. Koon." Def.['s] Resp. to Objections, p.2.  However, the Commissioner argues

> as noted by the Magistrate Judge, this opinion was issued three years prior to the ALJ's current decision and before a prior decision finding Plaintiff was not disabled.  Thus, the opinion was so remote in time before the alleged onset date that it was not relevant.

*Id.*  Moreover, the Magistrate Judge found that "Dr. Koon's opinion was rendered prior to the Commissioner's September 2003 decision finding the plaintiff was not disabled.  That decision was

7

final and could not be reopened. Accordingly, the ALJ did not err in not addressing this opinion." R&R, p.13 (citations omitted).

As to the Commissioner's argument regarding remoteness and relevance, the regulations require that all medical opinions in the record be considered, and the Court finds that the ALJ erred by not considering Dr. Koon's opinion. *See* 20 C.F.R. §§ 416.927(b) & 404.1527(d); *see also New v. Astrue,* No. 8:08-cv-03500-PMD, at *9 (D.S.C. Dec. 16, 2009) ("Past medical history that relates to the Plaintiff's alleged disabling impairments is relevant, and it is not only contrary to regulations, but also inconceivable that such evidence would be irrelevant."). The fact that Dr. Koon's medical opinion was rendered before the alleged onset date does not render the medical evidence irrelevant.[1] *See Woodhouse ex rel. Taylor v. Astrue,* 696 F. Supp. 2d 521, 535 n.14 (D. Md. 2010) ("[T]here is no valid reason to exclude consideration of medical records dated prior to [the applicant's] alleged date of onset") (citation omitted). Dr. Koon opined that the Plaintiff had *permanent* restrictions. Presumably, if the restrictions indicated are permanent, they continue into and encompass the relevant time period. Dr. Koon's 2003 Physician's Statement was submitted as evidence and a part of the record in this case, indicated permanent restrictions which would therefore pertain to the relevant period, and the ALJ should have considered this evidence with the rest of the relevant evidence in the record. The ALJ did not explain what, if any, weight he gave to Dr. Koon's 2003 assessment as required under the regulations. Without such an explanation, it is impossible to know whether, why, or to what extent the ALJ discounted Dr. Koon's medical opinion, or whether the ALJ simply overlooked the full inclusion of these restrictions in the RFC assessment.

---

[1] Even though the Plaintiff amended the alleged onset date to February 23, 2006 at the administrative hearing, it should be noted that Dr. Koon's 2003 Physician's Statement was rendered after the original alleged onset date of June 15, 1994.

8

As to the Magistrate Judge's finding that the Commissioner's September 2003 decision concerning disability precludes reconsideration of Dr. Koon's 2003 Physician's Statement for purposes of the Plaintiff's instant application for disability, the Court finds that the law is not as preclusive as the Magistrate Judge suggests. In *Albright v. Commissioner,* the Fourth Circuit stated:

> The SSA treats a claimant's second or successive application for disability benefits as a claim apart from those earlier filed, at least to the extent that the most recent application alleges a previously unadjudicated period of disability. At each decisionmaking level, the agency recognizes the traditional rule that, absent an identity of claims, principles of claim preclusion (historically res judicata) do not apply. Of course, to the extent that a second or successive application seeks to relitigate a time period for which the claimant was previously found ineligible for benefits, the customary principles of preclusion apply with full force.
>
> * * *
>
> The SSA's treatment of later-filed applications as separate claims is eminently logical and sensible, reflecting the reality that the mere passage of time often has a deleterious effect on a claimant's physical or mental condition. As Judge Posner recently put it, 'Res judicata bars attempts to relitigate the same claim, but a claim that one became disabled in 1990 is not the same as a claim that one became disabled in 1994.'

174 F.3d 473, 476 (4th Cir. 1999) (citation omitted).[2] While the Commissioner's September 2003 decision regarding the Plaintiff's prior claim of disability was final and could not be reopened with respect to that alleged onset date, Dr. Koon's 2003 Physician's Statement is still relevant to the Plaintiff's instant claim and should have been considered. Thus, this case is remanded to the

---

[2]*See generally Anderson v. Astrue,* No. 09-cv-0639-TSZ, 2010 WL 724605, at *5 (W.D. Wash 2010) ("It was error for the ALJ not to consider [examining physician's] opinion . . . . It is not as if [examining physician's] opinion all of a sudden lost all probative value at midnight on October 31, 2002, by virtue of the prior adverse disability determination. Absent evidence to the contrary, [examining physician's] opinion was still relevant and probative of Plaintiff's impairments as of November 1, 2002 and thereafter, and should have been considered by the ALJ.")

9

Commissioner for evaluation of Dr. Koon's 2003 Physician's Statement pursuant to the federal regulations and applicable Social Security Rulings.

With respect to Dr. Way, the Plaintiff argues that the ALJ did not adequately address the August 25, 2006, opinion following a psychological evaluation performed by Dr. Way. In his 2006 opinion, Dr. Way commented that "[c]urrently, the patient would likely exhibit sporadic functioning in various settings secondary to anxiety, symptoms of depression, and panic episodes." (Tr. 408). The Plaintiff acknowledges that the ALJ "did summarize the evaluation in some detail,"[3] and the Court finds that the ALJ did not err in the consideration of this evidence. As the Magistrate Judge stated in his R&R, "the ALJ accounted for these limitations in the RFC assessment, which included limitations to unskilled work and precluded working with others and the general public." R&R, p.13. The ALJ also stated that the Plaintiff was an anti-social person and had moderate difficulties in social functioning. (Tr. 13). Specifically noting the assessments of Dr. Way and Dr. Spivey, the ALJ found that the Plaintiff had moderate difficulties in maintaining concentration, persistence, and pace, but was nevertheless able to follow a three-step command and accurately reproduce a drawing and demonstrated a satisfactory general fund of information and fair abstract reasoning abilities. (Tr. 13, 17).

Finally, the Plaintiff argues that the ALJ failed to properly evaluate the opinion of Dr. Niemer. In a March 1, 2007 letter, Dr. Niemer stated that the Plaintiff was unable to walk or stand more than 10 minutes at a time, sit more than 20 minutes at one time, was unable to bend, stoop, crawl at all and was unable to lift more than 10 pounds on a regular basis. As such, Dr. Niemer opined that the Plaintiff was incapable of doing any type of work on a regular basis. (Tr. 434). Essentially, the Plaintiff argues that the ALJ did not sufficiently explain why Dr. Niemer's opinion was discounted or properly weigh Dr.

---

[3]*See* Objections, p.8.

Niemer's opinion using the factors set forth in 20 C.F.R. § 416.927. In the hearing decision, the ALJ stated that "Dr. Niemer's opinion . . . is given little weight as he had only seen the claimant on two occasions and his opinion was not supported by his own records or by the other medical records in evidence." (Tr. 18). However, Dr. Niemer's opinion may be supported by other medical records in evidence that were not considered by the ALJ. Specifically, Dr. Koon's 2003 Physician's Statement may support Dr. Niemer's opinion, and the Commissioner should take this into consideration when reevaluating the weight given to Dr. Niemer's opinion on remand.

**II:     Assessment of Plaintiff's Credibility**

In his second objection, the Plaintiff argues that the ALJ erred by failing to properly evaluate his credibility as required by Social Security Ruling (SSR) 96-7p. In determining whether a person is disabled, the ALJ must evaluate the intensity and persistence of the claimant's pain, and the extent to which it affects his ability to work. *See* 20 C.F.R. § 416.929(c)(1). This evaluation must take into account not only the claimant's statements, but also "all of the available evidence," including the claimant's medical history, medical signs and laboratory findings, and "any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." *Craig*, 76 F.3d at 594-95. Inconsistencies between a claimant's testimony and other evidence may support a finding that the claimant is not fully credible. *See Hunter v. Sullivan*, 993 F.2d 31, 36 (4th Cir. 1993). According to SSR 96-7p, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record." 1996 WL 374186, at *4. Because an ALJ has the opportunity to observe the claimant's demeanor, the reviewing court should give the ALJ's credibility determination "great weight." *See Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).

11

Here, the ALJ found that the Plaintiff's subjective complaints regarding the severity of his symptoms were not credible to the extent they are inconsistent with the ALJ's RFC assessment and the evidence in the record. In his R&R, the Magistrate Judge found that the ALJ identified valid reasons, supported by substantial evidence, for discounting the Plaintiff's subjective complaints. Additionally, according to the ALJ, the medical record did not support the Plaintiff's allegations of disabling limitations. R&R, pp.16-17. However, because the ALJ did not consider "all of the available evidence," specifically Dr. Koon's 2003 Physician's Statement, the Court cannot adequately address the Plaintiff's argument as to the ALJ's decision regarding the Plaintiff's credibility. *See Craig*, 76 F.3d at 594-95; *see also* SSR 96-7p, 1996 WL 374186, at *6 ("[T]he absence of objective medical evidence supporting an individual's statements about the intensity and persistence of pain or other symptoms is only one factor that the adjudicator must consider in assessing an individual's credibility and must be considered in the context of all the evidence."). Thus, on remand, the Commissioner should reevaluate the Plaintiff's credibility in light of all of the available evidence in the record.

**III:     RFC Assessment**

Finally, the Plaintiff "asserts his RFC assessment is conclusory and does not contain sufficient rationale or reference to the supporting evidence, as required by SSR 96-8p." Objections, p.20. In response, the Commissioner argues that "[t]he ALJ reasonably discharged his duty. That is, he reviewed the entire record, including the medical evidence and Plaintiff's subjective complaints, finding that Plaintiff retained the residual functional capacity to perform a range of light work (Tr. 14-19)." Def.['s] Resp. to Objections, pp.4-5. In assessing functional limitations, the ALJ must consider "all relevant evidence to obtain a longitudinal picture of [the claimant's] overall degree of functional limitation." 20 C.F.R. § 404.1520a(c)(1). Additionally, Social Security Ruling 96-8p provides that the ALJ must "always consider and address medical source opinions" in determining an individual's RFC, and "[i]f

12

the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." 1996 WL 362207, at *34477.  As noted above, the ALJ did not review the entire record and *all* relevant medical source opinions because the ALJ did not consider Dr. Koon's 2003 Physician's Statement.

Because Dr. Koon's 2003 Physician's Statement was never considered, it is unclear what effect it could have on the weight given to Dr. Niemer's medical opinion, the ALJ's determination of the Plaintiff's credibility, and the ALJ's RFC assessment.  On remand, when considering Dr. Koon's 2003 Physician's Statement pursuant to the federal regulations and applicable Social Security Rulings and reevaluating the weight given to Dr. Niemer's medical opinion and the Plaintiff's credibility, the Commissioner should also reevaluate the RFC finding taking into consideration all relevant evidence and addressing all medical source opinions.

## Conclusion

After a thorough review of the case, the Court declines to adopt the Magistrate Judge's R&R [Docket #23].  Based on the foregoing, it is **ORDERED** that the Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3), and the case is **REMANDED** to the Commissioner for further proceedings as set forth herein above.

**IT IS SO ORDERED**.

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
September 1, 2011